IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIL CROSTHWAITE, et al.,<br><br>    Plaintiffs,<br>  v.<br><br>CELIK ENGINEERING CORPORATION, et al.,<br><br>    Defendants<br>_____/ | No. C-05-0590 MMC (EMC)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO CONTINUE TRIAL; VACATING HEARING** |

    Before the Court is plaintiffs' motion, pursuant to Rule 16 of the Federal Rules of Civil Procedure, to continue the trial, as well as other pretrial dates and deadlines, by 60 days. Defendants have filed opposition, to which plaintiffs have replied. Having considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the papers, VACATES the hearing scheduled for April 28, 2006, and rules as follows.

    Plaintiffs represent that their "claims are fully developed and [p]laintiffs stand ready for trial." (See Pls.' Mot. at 3:11.) Plaintiffs state, however, that they need additional time to "conduct a limited amount of discovery of [d]efendants' defenses," (see id. at 4:21-22), specifically, the defense that defendant Celik Engineering Corporation's workers were not performing work covered under the subject collective bargaining agreement, irrespective of how the work might have been described on timecards. In particular, plaintiffs assert a

need to request documents from defendant Hasmet Celik and to depose him, and also to depose some of the workers.

On July 29, 2005, the Court conducted a case management conference, at which time the Court set a discovery cutoff date of January 13, 2006, as well as a trial date of June 26, 2006. (See Civil Minutes, filed July 29, 2006.) Rule 16(b) provides that a pretrial scheduling order "shall not be modified except upon a showing of good cause." See Fed. R. Civ. P. 16(b). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F. 2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. "If that party was not diligent, the inquiry should end." Id.; see, e.g., Zivkovic v. Southern California Edison Co., 302 F. 3d 1080, 1087-88 (9th Cir. 2002) (holding district court properly denied plaintiff's request to modify scheduling order to extend discovery cutoff, where plaintiff "did not demonstrate diligence in complying with the dates set by the district court"). Consequently, the threshold issue is whether plaintiffs were diligent prior to the January 13, 2006 discovery cutoff.

Plaintiffs were aware, no later than September 13, 2004, months before the instant action was commenced,[1] of defendants' position that the workers in question had not performed covered work and that the manner in which such work was described on their timecards was not, contrary to plaintiffs' position, dispositive of the issue. (See Hodson Decl. Exs. B-E.) Indeed, plaintiffs concede that they prepared their case "in light of [d]efendants' defenses." (See Pls.' Mot. at 5:3-5.) Thus, plaintiffs cannot claim surprise as to the nature of the defense, nor do they do so. Further, the discovery that plaintiffs failed to timely propound is not of a complicated nature, nor does it appear to be of the type that would be time-consuming to propound. Rather, plaintiffs argue that an extension of the

---

[1] Plaintiffs filed their complaint on February 8, 2005.

discovery deadline, and the trial, is necessitated by "unique circumstances of [p]laintiffs' counsel." (See Pls.' Mot. at 4:22-23.)

According to plaintiffs, the unique situation was that Tracy Mainguy ("Mainguy"), plaintiffs' initial counsel, went on a pregnancy leave in October 2005, and that Concepcion E. Lozano-Batista ("Lozano-Batista"), the attorney who thereafter primarily worked on the case on behalf of current counsel Weinberg, Roger & Rosenfeld, went on a pregnancy leave in late February 2006. Plaintiffs fail to explain, however, why Mainguy was unable to propound the subject discovery before her maternity leave commenced. Likewise, plaintiffs fail to explain why Lozano-Batista was unable to propound the subject discovery before January 13, 2006, or, if she was,[2] why other attorneys with Weinberg, Roger & Rosenfeld were unable to timely propound the subject discovery. In sum, there is an insufficient showing of diligence, and, consequently, plaintiffs have not shown the requisite good cause to warrant a continuance. See Johnson, 975 F. 2d at 609.

## CONCLUSION

For the reasons stated, plaintiffs' motion to continue is hereby DENIED.

**IT IS SO ORDERED.**

Dated: April 20, 2006

MAXINE M. CHESNEY
United States District Judge

---

[2] According to plaintiffs, Lozano-Batista went on leave at "the end of February," and was "on a limited schedule" for "several weeks prior to her leave." (See Phillips Decl. ¶ 5.) As noted, the discovery cutoff was January 13, 2006. Assuming Lozano-Batista's limited schedule negatively affected her ability to propound the subject discovery, the limited schedule appears to have begun after the discovery cutoff and thus is of little to no consequence in determining whether plaintiffs were diligent prior to the expiration of the discovery cutoff.

3